IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-30079 |
| | ) | |
| DELBERT EUGENE MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Delbert Eugene Marshall's Sentencing Hearing held April 10, 2006. Marshall was present in person and through his counsel, Michael Vonnahmen. The Government was present through Assistant United States Attorney Patricia McInerney.

On November 1 & 9, 2005, with consent of the parties, Magistrate Judge Cudmore conducted a change of plea hearing during which Marshall entered open pleas of guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1), distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (Count 2), distribution of cocaine base (crack) within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1),

1

841(b)(1), & 860 (Count 3), possession of cocaine and at least 5 grams of cocaine base (crack) with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 860 (Count 4), felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 5), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 6). On November 10, 2005, Judge Cudmore entered a Report and Recommendation (d/e 13), recommending that this Court accept Marshall's guilty pleas. The Court adopted the Report and Recommendation and accepted Marshall's guilty pleas by Text Order dated November 28, 2005.

    The Court received a Revised Presentence Report (PSR), dated February 22, 2006, prepared by the United States Probation Office. Marshall raised several objections to the PSR and filed a Commentary on Sentencing Factors (d/e 16). At the Sentencing Hearing, the Government presented evidence on the objections, Marshall did not. As an initial matter, Marshall raised several objections to the PSR's drug quantity calculation which recommended that Marshall be held accountable for 2.01 kg of crack cocaine and 6.6 kg of powder cocaine. Specifically, Marshall objected to being held accountable for 2 kg of crack in ¶ 6. For reasons

stated of record, the Court found the information in ¶ 6 to be sufficiently reliable and overruled Marshall's objection. Marshall objected to being held accountable for 6.5 kg of powder cocaine in ¶ 8. For reasons stated of record, the Court sustained this objection. Based on Marshall's submissions to the Court, it was unclear whether Marshall was contesting ¶ 11. Upon inquiry by the Court, Marshall indicated that he did not wish to object to ¶ 11. Therefore, to the extent there was an objection to ¶ 11, it was overruled. Marshall also objected to ¶¶ 7 & 9, which were not included in the PSR's drug amount calculation. For reasons stated of record, the objections to ¶¶ 7 & 9 were overruled. The remaining drug quantities for which the PSR recommended that Marshall be held accountable were not in dispute. Thus, the Court determined that Marshall should be held accountable for 2.01 kg of cocaine base crack and 118.4 g of powder cocaine. This converts to approximately 40,223 kg of marijuana under the Drug Equivalency Tables.[1] Based on these findings, the Court sustained in part Marshall's objections to ¶ 31, which detailed the total amounts of drug quantities for which Marshall should be held accountable.

---

[1]The Court misspoke at sentencing, stating that the determined amounts converted to approximately 40,800 kg of marijuana. This slight difference does not alter the calculations under the U.S.S.G.

Marshall also objected to ¶¶ 21 & 23 which recommended that the Court impose a two-level increase in offense level for obstruction of justice under U.S.S.G. § 3C1.1 and that Marshall not receive a reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. For reasons stated of record, the Court sustained the objection to ¶ 21's enhancement for obstruction of justice. The Court, however, overruled Marshall's objection to ¶ 23 for reasons stated of record.

Therefore, with the exceptions set forth above, the Court accepted the PSR as written and adopted its findings. Marshall was held accountable for more than 30,000 kg of marijuana, resulting in a base offense level of 39 for Counts 1-5 which were grouped pursuant to U.S.S.G. §§ 3D1.1 & 3D1.2(c) & (d). See U.S.S.G. §§ 2D1.1(c)(4), 2D1.2, & 2K2.1. Marshall received no other enhancements or reductions, and thus, his total offense level for Counts 1-5 was 39. Marshall had 26 allowable criminal history points, placing him in Category VI. An offense level of 39 and criminal history Category VI call for a sentence of 360 months to life imprisonment, which is in Zone D of the Guideline range. Taking into account the statutory maximums for the various counts of conviction, Marshall's Guideline ranges were as follows: 240 months imprisonment on Counts 1 & 2, 360 months

to life imprisonment on Counts 3 & 4, and 120 months imprisonment on Count 5.[2] The Court recognized that Count 6 provided for an additional sentence of at least 60 months imprisonment to run consecutively to the sentences on Counts 1-5.

THEREFORE, after considering the case file, the PSR, the statements of counsel, the evidence submitted, Marshall's own statement, the applicable sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Marshall to 240 months imprisonment on Counts 1 & 2, 360 months imprisonment on Counts 3 & 4, and 120 months imprisonment on Count 5.  The Court ordered that the sentences on Counts 1-5 run concurrently to one another.  Marshall was sentenced to 60 months imprisonment on Count 6 to run consecutively to the sentences on Counts 1-5.  Marshall was also ordered to pay a $600 special assessment, due immediately.   Based on Marshall's financial situation, the Court ordered no fine. After his release from prison, Marshall was ordered to serve concurrent terms of supervised release as follows: 8 years of supervised release on Count 4, 6 years of supervised release on

---

[2]The Court notes that the U.S.S.G. are advisory, pursuant to United States v. Booker,125 S. Ct. 738 (2005).

Count 3, 3 years of supervised release on Counts 1, 2, & 6, and 2 years of supervised release on Count 5.

IT IS THEREFORE SO ORDERED.

ENTER: April 13, 2006.

    FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE