IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | NO. 05-30079 |
| DELBERT EUGENE MARSHALL, ) | |
| Defendant. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court on the Motion of Defendant Delbert Marshall to Withdraw his Guilty Plea for Lack of Jurisdiction.

According to the docket report, the Defendant consented on November 1, 2005 to allow the magistrate judge to conduct proceedings incident to entering a guilty plea. See Doc. No. 10. On November 1, 2005 the Defendant appeared before United States Magistrate Judge Byron G. Cudmore for a change of plea hearing. The Defendant requested additional time to discuss his change of plea with counsel.

On November 9, 2005, the Defendant appeared before Judge

Cudmore and entered guilty pleas to Counts 1, 2, 3, 4, 5 and 6 of the Indictment. Judge Cudmore entered a Report and Recommendation [Doc. No. 13] wherein he recommended that the district judge enter judgment on the pleas of guilty.

On November 28, 2005, United States District Judge Jeanne E. Scott adopted the Report and Recommendation, thereby accepting the guilty pleas and entering judgment thereon. On April 10, 2006, the Defendant was sentenced to serve a total of 420 months imprisonment followed by eight years of supervised release.

On August 28, 2012, the Defendant's sentence was reduced pursuant to a retroactive amendment to the sentencing guidelines. The Defendant is now serving a total term of 352 months imprisonment.

The Defendant's current motion relies on United States v. Harden, 758 F.3d 886 (7th Cir. 2014). In Harden, the United States Court of Appeals for the Seventh Circuit held that, even with the consent of the defendant, a magistrate judge's acceptance of a guilty plea in a felony case violates the Federal Magistrate Act and therefore is not authorized. See id.

at 889.

The Seventh Circuit's decision applied to a magistrate judge's acceptance of a guilty plea. The defendant in Harden did not argue that the procedure followed in this case is not authorized. See id. at 887 ("Harden now appeals the magistrate judge's acceptance of his guilty plea, arguing that the magistrate judge's acceptance of a felony guilty plea, instead of preparing a report and recommendation to the district court, was a violation of the Federal Magistrates Act, 28 U.S.C. § 636; Rule 59 of the Federal Rules of Criminal Procedure; and the United States Constitution.").

The court in Harden explicitly approved the procedure followed in this case, stating as follows:

> There is widespread agreement that a magistrate judge may conduct a Rule 11(b) colloquy for the purpose of making a report and recommendation. . . . We agree that this is a permissible practice (and are told that the district court for the Southern District of Illinois now delegates the conduct of a plea colloquy to a magistrate judge only when a report and recommendation on the plea is sent back to the district court).

Id. at 891 (citations omitted). Because the Seventh Circuit has held that a magistrate judge may conduct the plea colloquy and prepare a report and

3

recommendation for the district judge's consideration, the Defendant's motion to withdraw his guilty plea is without merit.

Ergo, the Motion of Defendant Delbert Eugene Marshall to Withdraw his Guilty Plea for Lack of Jurisdiction [d/e 47] is DENIED.

ENTER: November 25, 2014

    FOR THE COURT:

                                      s/Richard Mills
                                      Richard Mills
                                      United States District Judge