E-FILED
Tuesday, 19 May, 2015  03:02:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 05-30079 |
| | ) | |
| DELBERT EUGENE MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

In a Text Order entered on April 17, 2015, the Court directed the Clerk to terminate any pending motions. This was based on Defendant Delbert Eugene Marshall's voluntary dismissal of his appeal [Doc. No. 69]. However, the Defendant filed two notices of appeal following the Court's denials of the Defendant's motion to withdraw his guilty plea for lack of jurisdiction and his motion for reconsideration. The first notice of appeal [Doc. No. 52], which led to Appeal No. 1550, was filed on March 4, 2015. The amended notice of appeal [Doc. No. 56], which led to Appeal No. 1551, was filed on March 6, 2015. On April 17, 2015, the United States

Court of Appeals for the Seventh Circuit dismissed Appeal No. 1551, pursuant to the Defendant's motion.[1] However, Appeal No. 1550 is still pending in the Seventh Circuit. Therefore, the Court will consider the Defendant's motion to extend the time in which to appeal [Doc. No. 68] and his motion for reconsideration [Doc. No. 72]. Also pending is the Defendant's motion for leave to reconsider the voluntary dismissal of his second appeal [Doc. No. 73].

A criminal defendant must file a notice of appeal within 14 days of the order being appealed. See Fed. R. App. P. 4(b)(1)A)(i). The Defendant's motion to reconsider was denied on February 4, 2015. The 14-day period is measured from that date. The prisoner mail box rule provides that the appeal is timely if the pro se prisoner deposits the notice

---

[1] In a filing with the Seventh Circuit, the Defendant disclaimed any knowledge or connection with the now-dismissed appeal (Appeal No. 1551), stating that an inmate who had been assisting him filed the notice of appeal unbeknownst to the Defendant. In a filing with this Court on May 5, 2015, the Defendant requested that none of his motions be terminated. He claims that the second appeal (No. 1551) was filed because he thought the first appeal (No. 1550) would be dismissed because it lacked a jurisdictional statement, docketing statement, disclosure statement, transcript information and a certificate of service. See Doc. No. 72. In a filing on May 8, 2015, he again asks the Court not to dismiss Appeal No. 1551. See Doc. No. 73.

in the mail "on or before the last day for filing." See Fed. R. App. 4(c). The Defendant's first notice of appeal was purportedly placed in the prison mail system on February 24, 2015, which was 20 days after the denial of the motion to reconsider.

Rule 4(b) permits an extension of the time to appeal in certain circumstances, as follows:

> Upon a finding of excusable neglect or good cause, the district court may–before or after the time has expired with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the time otherwise prescribed by this Rule 4(b).

Fed. R. App. 4(b)(4). Based on this rule, if the Court were to find "excusable neglect or good cause," March 20, 2015 would be the outer limit of the 44-day period dating from February 4, 2015, when the motion to reconsider was denied.

Initially, the Defendant disavowed any knowledge of the amended notice of appeal, suggesting that another inmate filed the notice of appeal without the Defendant's permission. Now, the Defendant appears to allege that, in fact, he did file both notices of appeal. The second notice was filed

because the first lacked certain procedural requirements. The Defendant apparently believed the first notice would be dismissed due to its deficiencies.

Around this time, the Defendant was transferred from FCI Greenville, Illinois, to the Federal Medical Center in Lexington, Kentucky. In his most recent correspondence, the Defendant states that he arrived at FMC Lexington on February 3, 2015. The Defendant's notice of change of address was docketed on February 24, 2015. He claims to have sent the notice on February 13, 2015.

The Court is unable to conclude that the Defendant's late filing was due to "excusable neglect or good cause." The Defendant waited at least ten days from his arrival at FMC Lexington before sending the change of address notice to the Clerk. At the time, the Defendant knew his motion to reconsider was pending. The Defendant has shown himself capable of filing pleadings in a timely manner. For example, the Defendant's motion to reconsider was filed ten days after the Opinion denying his motion to withdraw guilty plea for lack of jurisdiction. Because the Defendant's late

filing was not due to "excusable neglect or good cause," the Court declines to extend the time in which to file a notice of appeal.

In his motion for reconsideration, the Defendant claims that he filed the second notice of appeal because he believed the first would be dismissed due to his failure to comply with certain procedural requirements. However, the Defendant has not shown that his late filing was due to "excusable neglect or good cause."

The Defendant's motion for leave to reconsider the voluntary dismissal of his second appeal will be Denied. The Federal Rules contemplate a single notice of appeal from an order in a criminal case.

Additionally, the Court notes that, since Judgment was entered on April 13, 2006, the Defendant's case has been tested on appellate review and collateral attack. There is a strong interest in finality which supports the denial of relief in this case. See Greenlaw v. United States, 554 U.S. 237, 252 (2008) ("The firm deadlines set by the Appellate Rules advance the interests of the parties and the legal system in fair notice and finality.").

Ergo, the Court Vacates its Text Order of April 17, 2015, which

directed that any pending motions be terminated.

The Defendant's Motion for an Extension of Time to File a Notice of Appeal [d/e 68] is DENIED.

The Defendant's Motion for Reconsideration of the April 17, 2015 Text Order [d/e 72] is ALLOWED in Part, to the extent that the Court has reconsidered the basis for terminating the Motion for an Extension of Time. The Motion is DENIED to the extent that Defendant is seeking an extension of time.

The Defendant's Motion for Leave to Reconsider the Voluntary Dismissal of his Second Appeal [d/e 73] is DENIED.

ENTER: May 18, 2015

    FOR THE COURT:

        s/Richard Mills
    Richard Mills
    United States District Judge