IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-30079 |
| | ) | |
| DELBERT MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Defendant Delbert Marshall filed a Motion to Reduce Sentence under the First Step Act.

The Government filed a Response.

A hearing on the motion was held on February 20, 2020.

Defendant Delbert Marshall appeared telephonically at the hearing.

I.

On April 10, 2006, United States District Judge Jeanne E. Scott sentenced the Defendant, Delbert Marshall, to 420 months imprisonment followed by 8 years supervised release. The prison term consisted of 240 months on counts 1 and 2, 360 months on counts 3 and 4, 120 months on count 5, all to run concurrently, and 60 months on count 6 to run consecutively to all other counts.

On August 28, 2012, Mr. Marshall's sentence was reduced to a total of 352 months imprisonment, pursuant to the retroactive guideline amendment relating to crack cocaine offenses.

On May 24, 2017, pursuant to Amendment 782, Mr. Marshall's sentence on Counts 3 and 4 was reduced to 235 months, to run concurrently with the 240 month sentence imposed on Counts 1 and 2, and the 120 month sentence imposed on Count 5. The 60-month term on Count 6 ordered to run consecutively to the terms imposed on the other counts did not change. Therefore, Mr. Marshall's current sentence is 300 months imprisonment, followed by an 8-year supervised release term.

On January 9, 2020, the Defendant filed a Motion for Reduced Sentence under Section 404(b) of the First Step Act. The motion states that Mr. Marshall is eligible for a reduced sentence and seeks a reduction to 180 months on Counts 1-4, as well as 60 months on Count 6, to be served consecutive to Counts 1-4.

The Government filed its response on January 22, 2020, stating that relief may be technically available. The First Step Act applies to at least Counts 3 and 4. Whether the First Step Act also applies to reduce the concurrent terms imposed on Counts 1, 2 and 5 is at issue here.

The Government states that while Mr. Marshall may or may not be eligible for a reduction under the First Step Act, the Court should not reduce the sentence

because Mr. Marshall has already received the benefits of two reductions and, further, if the Fair Sentencing Act had been in effect at the time of sentencing, Mr. Marshall would have been sentenced pursuant to the same guideline range which resulted in the sentence he is now serving.

II.

The First Step Act makes retroactive the changes that the Fair Sentencing Act made to the crack provisions of Section 841(b)(1)(A) and (B), thereby allowing courts to reduce prisoners' sentences accordingly. Section 404(b) of the First Step Act states that "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." A "covered offense" is defined under section 404(a) as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."

There are two limitations on a court's ability to impose a reduced sentence. First, if the defendant's sentence was imposed or previously reduced in accordance with the amendment made by sections 2 and 3 of the Fair Sentencing Act, the defendant cannot receive a reduced sentence. Second, if the Court has already rejected a motion under § 404 "after a complete review of the merits," the defendant

3

may not request further review. It does not appear that either limitation of section 404(c) applies. Mr. Marshall's previous sentence reductions were pursuant to retroactive guideline amendments, and the Court has not rejected a previous motion for a sentence reduction under Section 404 of the First Step Act. The question becomes whether a reduction is appropriate in a situation such as this when the counts of conviction were grouped under U.S.S.G. § 3D1.3.

At sentencing, Counts 1 through 5 were grouped together as one group of closely related counts based on § 3D1.3. After the grouping, the offense level for all counts was determined by the counts with the highest offense level, Counts 3 and 4. The guideline range as to Count 6 was determined by statute and had to run consecutively to any other terms.

The guidelines for Counts 3 and 4 provided that the base offense level shall be one plus the offense level specified in the drug quantity. Mr. Marshall was held accountable for 30,000 kilograms or more of a marijuana equivalent, resulting in a base offense level of 38 under the applicable guideline. After one offense level was added, Mr. Marshall's base offense level was determined to be 39. Given a criminal history category of VI, Mr. Marshall's guideline range was determined to be 360 months to life on Counts 3 and 4. The guideline range as to Counts 1 and 2 was 240 months, based on the statutory maximum. The guideline range as to Count 5 was

120 months because of the statutory maximum. The Court was required to impose a consecutive 60-month sentence as to Count 6.

After the most recent reduction on Counts 3 and 4 in 2017, Mr. Marshall is currently serving 235 months on those counts, to run concurrently with the 240 month terms imposed on Counts 1 and 2 and the 120 month sentence imposed on Count 5. The 60-month consecutive term remains in effect as to Count 6. Therefore, Mr. Marshall is currently serving a 300-month term.

The Defendant's motion claims that Mr. Marshall is eligible for a reduced sentence under section 404 because the Court imposed the original sentence on Counts 3 and 4 for a "covered offense" because Mr. Marshall committed the offense before August 3, 2010, and the statutory penalty under section 841(b)(1)(B) was modified by section 2 of the Fair Sentencing Act. Accordingly, he contends that the Court has the authority to impose a reduced sentence as if section 2 of the Fair Sentencing Act was in effect at the time the offense was committed.

Under the Fair Sentencing Act, the offense of conviction under Count 4—possession with intent to distribute at least 5 grams of crack—is now punishable by imprisonment of 0 to 60 years. Today, 2.01 kilograms of crack and 118.5 kilograms of cocaine results in Mr. Marshall being held accountable for at least 3,000 kilograms, but less than 10,000 kilograms of marijuana, yielding a base offense level

of 32 and a total offense level of 33. Based on the criminal history category of VI, Mr. Marshall's guideline range is reduced to 235-293 months, plus 60 months imprisonment on Count VI.

The Defendant's motion provides that the text of the First Step Act does not limit sentence reductions only to "covered offenses." There is nothing which would preclude the Court from reducing the whole sentence as long as the Court imposed a sentence which involved a "covered offense." Section 3584(c) provides that multiple sentences "shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

The Defendant alleges that, for the First Step Act to have any effect in multicount cases such as this, section 404(b) must authorize courts to impose a "reduced sentence" as long as the defendant is eligible because he was convicted of a covered offense. He asserts that in enacting section 404(b), Congress gave district courts the authority to reduce the aggregate term, which may require reducing sentences on individual counts that are not covered offenses.

At sentencing, the original guideline range of 360-life was attributable to a covered offense, Count 4. Otherwise, the guideline range for Counts 1 and 2 would have been 240 months. Because of grouping under § 3D1.3, the range for all counts

became the 360-life guideline range. The Defendant claims that section 404(b) authorizes the Court to reduce the overall sentence.

The Government's position is that, if a defendant received a sentence for a non-covered offense that is made concurrent to one or more sentences for the covered crack offenses, the Court may impose a new sentence that has the effect of reducing the terms of imprisonment for the non-crack offenses only if the sentences for those offenses would have been different had Sections 2 and 3 of the Fair Sentencing Act been in effect at the time of sentencing. If the sentences for the non-covered offenses would be independently correct under the sentencing guidelines, then the First Step Act should not be used as a "back door" to skirt the requirements of 18 U.S.C. § 3582(c)(1)(B) and allow the modification of a term of imprisonment otherwise "expressly permitted by statute."

The Government notes that because the Court has twice reduced the sentence for the "covered offenses" of Counts 3 and 4, the sentence for those offenses is now lower than, and made concurrent with, the sentence imposed as to Counts 1 and 2. The sentencing guidelines for Counts 1 and 2 have not changed in terms of reducing the sentencing range. The Defendant's sentencing range for the covered offenses has already been reduced to 235-293 months. If the Fair Sentencing Act were in effect at the time of his sentence, Mr. Marshall would have been sentenced on Counts 3 and 4 within the same guideline range which resulted in the sentence he is

serving—at the low end of that range. The Government claims he is entitled to no more than that.

The Government further alleges that, if the case were charged under the Fair Sentencing Act, the guideline range for Counts 1 and 2 based on the drug amounts would be 235-293 months, and the sentence imposed on those counts is near the lower end of that range. Therefore, the Government states that, unless the Court can determine that sentences for those offenses would have been different if sections 2 and 3 of the Fair Sentencing Act were then in effect and the only reason that they are 240 months is because of the higher sentences for the covered offenses, there appears to be no statutory authority to reduce them.

### III.

The Seventh Circuit has not addressed this particular issue. Some district courts have adopted the Defendant's position while others have adopted the Government's position. In *United States v. Biggs*, 2019WL2120226, (N.D. Ill. May 15, 2019), Judge Lefkow considered a scenario wherein one of the defendant's two convictions qualified as a covered offense and concluded that "[b]ecause the Fair Sentencing Act and the First Step Act reflect Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses, reduction of

Biggs's sentence aligns the statutory purpose of sentencing with the goal of the reform legislation." *Id*. at 4. Judge Lefkow explained:

> Although only one of Biggs's two convictions qualifies as a covered offense, the court imposed a sentence for a covered offense when it entered its single sentencing judgment. Moreover, when imposing a reduced sentence as if the Fair Sentencing Act were in effect, the court effectively resentences the defendant under the Fair Sentencing Act (except that the sentence cannot exceed his current sentence). As with any sentencing, the court considers multiple counts together; indeed, the guidelines require the court to use a combined offense level for all counts. Because the potential reduced penalties for covered offenses could influence the range of recommended penalties for non-covered offenses, imposing a reduced sentence as if the Fair Sentencing Act were in effect entails resentencing on all counts.

*Id*. at 3 (internal quotation marks and citations omitted).

Recently, in *United States v. Mansoori*, 2019WL6700166, ___ F. Supp.3d ___, N.D. Ill. (Dec. 9, 2019), Judge Leinenweber agreed with Judge Lefkow's approach in *Biggs* and goes on to state, "Plenary resentencing for an individual who is eligible for First Step Act relief is appropriate for several reasons." *Id*. at *4. He cites the text of the statute and notes that section 404(b) does not limit a court's discretion to reduce a sentence only as to the covered offense. *Id*. Moreover, a limited resentencing conflicts with the Sentencing Guidelines, which require a court to consider multiple counts together. *Id*. Most importantly, Judge Leinenweber observed that "constraining resentencing to only the 'covered offense' undermines the great responsibility a sentencing court undertakes—to impose a fair sentence upon the defendant." *Id*.

9

The Court finds the reasoning of Judge Lefkow and Judge Leinenweber to be persuasive and concludes that it may reduce the overall sentence under section 404(b). Thus, the question becomes whether a reduction of the Defendant's sentence is warranted.

The Defendant's motion points out Mr. Marshall has been in custody since age 27 and is now 41. He has thus far served over 170 months in prison. Mr. Marshall is part of the work assignment in UNICOR. He has completed multiple educational courses, including engine repair training, a CDL class, Spanish language class and classes in learning to play chess. In 2017, he completed the Freedom from Drugs Drug Abuse Education Program. Attached to the Defendant's motion are a number of certificates denoting these achievements. The Defendant claims that a total sentence of 20 years would be just punishment. This would consist of 180 months on Counts 1-5, as well as 60 months consecutive based on the firearm conviction.

Even if the Court finds that a reduction is authorized, it is not required to reduce the sentence and the Government claims that the Court should not in this case. The Government alleges Mr. Marshall has already received the benefit of the Fair Sentencing Act through two prior reductions and is now serving the sentence he would have been serving had the Fair Sentencing Act been in place at the time of the offenses. The Government further states that Mr. Marshall has continued to

disclaim any responsibility, as is evident from a number of pro se motions and pleadings in both this case and his habeas case.

According to Probation's First Step Act Computation sheet, Mr. Marshall has had one disciplinary incident in the last 5 years for fighting and one for assaulting without serious injury in 2012. The Defendant's counsel notes he has done very well more recently. In 2016, Mr. Marshall completed the 125-hour Automotive Engines Vocational Training Group and the 225-hour Advanced Small Engine Gas Repair Vocational Training Program, while currently being assigned to UNICOR. He also completed the drug education class in 2017. The completion of those programs and other classes along with the letter he sent the Court suggests that, in recent years, Mr. Marshall has taken seriously efforts to better himself and remain productive. Mr. Marshall is certainly better equipped to succeed upon release than he was a few years ago.

Despite his young age, the Defendant had a lengthy criminal history 15 years ago when this case was filed. He had accumulated 23 criminal history points. However, Mr. Marshall had never been sentenced to more than three years imprisonment. Upon pleading guilty to six serious felonies, Mr. Marshall was sentenced to an aggregate term of 35 years, which has since been reduced to 25 years.

The Court cannot say what sentence Judge Scott would have imposed if Sections 2 and 3 of the Fair Sentencing Act had been in effect back in 2006. At the hearing, Counsel suggested that the total sentence may have been as high as it was because of the Defendant's decision to challenge the relevant conduct, which resulted in the loss of credit for acceptance of responsibility. That may well have factored in to Judge Scott's decision. Although the Defendant was sentenced just over one year after the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which afforded district courts significantly more discretion in sentencing, it is fair to say that a reasonable judge might well have determined that the aggravating factors outweighed any mitigating factors in determining an appropriate sentence in Mr. Marshall's case.

Having determined that a sentence reduction is warranted on not only the covered offenses under the First Step Act, the Court turns to what is an appropriate reduction. Based on Mr. Marshall's post-sentencing rehabilitation, the Court is optimistic that he has been adequately deterred and can lead a law-abiding life upon release if granted an aggregate reduction of five years. Mr. Marshall will be in his mid-40's when he's released. Recidivism is significantly less likely than at the age of 27 that Mr. Marshall was when he committed these crimes.

<u>Ergo</u>, the Motion of Defendant Delbert E. Marshall to Reduce Sentence under Section 404(b) of the First Step Act [d/e 102] is GRANTED.

Defendant Delbert E. Marshall's sentence is reduced to 180 months imprisonment on Counts 1, 2, 3 and 4, to run concurrently to each other.

The 60-month term on Count 6 shall be served consecutive to the sentence on Counts 1-4.

The 120-month term on Count 5 is unchanged and runs concurrently to Counts 1-4.

The Defendant's supervised release term on Count 4 is also reduced from 8 years to 6 years.

The supervised release conditions shall remain as previously imposed with right of modification by the U.S. Probation Office.

All other aspects of the Judgment shall remain in effect.

The Clerk will terminate as moot the Defendant's pro se motions to reduce sentence [d/e 96, 97, 98 & 101].

ENTER: February 24, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge